In the Interest of A.S., a Child.

Melody R.J. JENSEN, Petitioner and Appellee,

v.

DIRECTOR, CASS COUNTY SOCIAL SERVICES, J.S., and S.Q., Respondents,

and

A.S., Respondent and Appellant.

Civ. No. 11108.

Supreme Court of North Dakota.

June 6, 1986.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for petitioner and appellee.

Edward J. Murphy, Fargo, for respondent and appellant A.S.

VANDE WALLE, Justice.

A.S. appealed from an order of the Juvenile Court of Cass County finding A.S. to be a delinquent and unruly child as defined by Section 27–20–02, N.D.C.C., and ordering the continued temporary removal of custody from her parents for a period of eighteen months, with conditions of probation. We affirm.

A.S. argues that the finding of delinquency was based on a statement made by A.S. (subsequent to the alleged improper use of a lie detector on a minor) that should have been excluded from consideration. A.S. moved to suppress the statement; the lower court initially denied the motion and, at the end of the hearing, stated that the court still would deny it. The court further stated that the admission of the statement, which related to a previous incident, was "not relevant to this case at all, except as evidence of intent or motive."

In August of 1985 Cass County Social Services received custody of A.S. pursuant to a determination that she was an unruly child. A.S. was placed with the foster family from which the money was taken.

In its written order, the court found that A.S.

"knowingly took or exercised unauthorized control over the property of another with intent to deprive the owner thereof, to wit: said juvenile took cash from piggybanks belonging to the [foster family], with intent to deprive the owners thereof. This unlawful act would constitute a crime if committed by an adult."

The evidence submitted at the hearing included:

(1) that A.S. had her own room at the foster home, which was previously occupied by one of the foster family's children;

(2) that on August 29, 1985, A.S. ran away, leaving a note stating that she had left;

(3) that the next day, the foster mother discovered that three piggybanks which contained substantial cash and belonged to her daughters were missing; and

(4) that one of the banks was found, with only eight cents left inside, in A.S.'s bedroom closet.[1]

The evidence further revealed that the foster mother, after finding the empty piggybanks, called a social worker at Cass County Human Services and asked her what she should do about the situation; the social worker instructed the foster mother to call the police and to press charges.[2]

Although we give "appreciable weight" to the findings of the juvenile court pursu-

---

1. The lower court also received evidence as to A.S.'s previous delinquent conduct.

2. We are concerned that in cases such as this there is a potential of a conflict of interest where an agency acts as guardian to a child and, at the same time, is charged with enhancing and maintaining a viable foster program. Because of the dual interests, it is possible that in some cases the juvenile's rights may be in conflict with maintaining optimum relations with foster families. In the instant case, the alleged error does not affect the outcome because the evidence, without reference to the evidence allegedly obtained improperly, supports the trial court's findings and conclusions.

ant to Section 27–20–56(1), our scope of review in this area is equivalent to the former procedure of trial de novo. See, e.g., *In Interest of J.K.S.*, 356 N.W.2d 88 (N.D.1984). In view of our standard of review, we have no hesitancy in concluding that the evidence—without reference to the statement in question—establishes beyond a reasonable doubt [see Section 27–20–30(2)] that A.S. took cash from the piggybanks and that she is a delinquent and unruly child as defined by Section 27–20–02. We also find from the record clear and convincing evidence that A.S. is in need of treatment or habilitation. The trial court's order is therefore affirmed.

ERICKSTAD, C.J., and LEVINE, GIERKE and MESCHKE, JJ., concur.